JOHN LUCAS v. THE STATE.

No. 1532. Decided March 8, 1898.

1. **Forgery by Raising Bank Check—Indictment—Allegation as to Bank.**

In an indictment for forgery by altering or raising a check drawn upon a bank, it is not necessary to allege that the bank was incorporated. It would be necessary in the case of the forgery of the signature of the bank.

2. **Same—Charge—Intent to Defraud.**

On a trial for forgery by altering or raising a bank check a charge which instructs the jury that it would be sufficient, if it appears that possibly some one might be injured or defrauded, is wrong. It is true that it is not necessary that defendant intended to defraud any particular person, but it is nevertheless essential that accused intended to commit a fraud.

3. **Same—Harmless Error, Though Charge Was Excepted to—Practice on Appeal.**

Under provisions of article 723, as amended, though a charge is erroneous and was properly excepted to, yet, to require a reversal on account of the error, it must have been such error as was calculated to injure the rights of the defendant.

APPEAL from the District Court of Johnson. Tried below before Hon. J. M. HALL.

Appeal from a conviction for forgery by altering or raising a bank check; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

[No briefs for either party have come to the hands of the Reporter.]

DAVIDSON, JUDGE.—Conviction for forgery, in altering or raising a check drawn by W. B. Tarter and L. J. Pipes on the Farmers and Merchants National Bank of Cleburne, Texas. This indictment was drawn under article 431, Penal Code. The forgery consisted in changing the following check:

"*No.* ———.

"Farmers and Merchants National Bank,

"Cleburne, Texas, March 21, 1893.

"Pay to M. B. Lucas or bearer $20.

Twenty...............................Dollars.

"W. B. TARTER and L. J. PIPES."

The check was changed or raised so as to make "$20" read "$25," and "Twenty Dollars" "Twenty-five Dollars."

A motion was made to quash the indictment because it did not allege that the Farmers and Merchants National Bank of Cleburne was incorporated. It is not necessary to make any such allegation. The instrument was a valid instrument for $20 as originally made; and if the bank failed to pay the same, M. B. Lucas could have sued and maintained an action against the makers, W. B. Tarter and L. J. Pipes, for the amount thereof. This is altogether unlike the case of forging the signature of a bank. In such case it has been held that it was necessary to allege the incorporation of the bank.

We think the court wrongfully instructed the jury in this respect. It is not requisite "that, in order to constitute this offense, the accused, in committing the offense, intended to injure and defraud any particular person, or that any particular person was injured or defrauded by the forgery; but it is sufficient if it appears that possibly some one might be injured or defrauded thereby." It is true that it is not necessary for the defendant to intend to defraud any particular person, but the accused must intend to commit a fraud. That portion of the charge which states that it is sufficient if it appears that possibly some one might be injured or defrauded is wrong. A charge upon this subject, following the language of the statute, is sufficient in ordinary cases, telling the jury that they must believe from the testimony in the case that the defendant intended to commit a fraud when he committed the forgery or uttered the forged instrument, etc.

But the question before us now is, notwithstanding this charge was excepted to at the time, whether the same was calculated to injure the rights of the accused. Article 723, as amended by the Twenty-fifth Legislature, reads as follows: "Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, which error shall be excepted to at the time of the trial or on a motion for a new trial." Laws, 1897, p. 17. Was the error in the charge calculated to injure the rights of the accused? Under the facts of this case, we are of opinion that it was not. If appellant raised the check from $20 to $25, it was evidently with the intention to defraud some person, either the bank or the drawers of the check, because the record contains no fact or circumstance tending in the most remote degree to suggest a reason for his conduct consistent with fair dealing. If he did raise the check, it was evidently for the purpose to defraud some person. About this there can be no question. Nothing in this record suggests that he believed that he had a right to do so; and nothing suggests a mistake or anything that would tend to question the intention to defraud. In some cases such

a charge as that given might be held injurious, but not so in this case. We have found no reversible error in this record, and the judgment is affirmed.

*Affirmed.*