## J. N. WEBB v. THE STATE.

### No. 1837. Decided October 19, 1898.

**1. Forgery—Indictment—Purport.**

It is not necessary in an indictment for forgery to set out the purport of the instrument, or by whom it is purported to be signed. It is simply sufficient to set forth the instrument by its tenor.

**2. Same—Act of Another.**

Where an instrument is signed with the name of the forger and with the names of another or other parties, an allegation that the instrument purported to be the act of another sufficiently alleges that the forger forged the names of one or all the other parties thereto.

**3. Same—Allegation as to Incorporation of a Bank.**

Where the alleged false instrument is an order or check drawn upon a bank, or a note naming a bank as payee, it is not necessary to allege the incorporation of the bank.

**4. Same—Where Instrument Is in Possession of Defendant or Lost.**

Where an alleged forged instrument is in possession of defendant, or lost or destroyed, it is competent to so allege, and to thus excuse the setting it out by its substance and not its tenor.

**5. Same—Variance.**

Where the indictment for forgery alleged that the instrument could not be set out by its tenor, because in possession of defendant, lost, or destroyed, but attempts to set the same out substantially according to its terms, and in doing so set out one of the signatures as "J. N. Webb," this was tantamount to charging that J. N. Webb signed the instrument, and proof that the instrument was signed "N. Webb," instead of "J. N. Webb" constituted a fatal variance.

APPEAL from the District Court of Erath. Tried below before Hon. J. S. STRAUGHAN.

Appeal from a conviction for forgery; penalty, two and one-half years imprisonment in the penitentiary.

The indictment is set out in the opinion. No further statement required.

*McCain & Daniel,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two and one-half years; hence this appeal.

Appellant made a motion in arrest of judgment, which involves the validity of the indictment, which was overruled by the court, and he assigns the same as error. The charging part of the indictment is as follows: "That J. N. Webb  *  *  *  did then and there unlawfully and without lawful authority, and with the intent to injure and defraud, willfully and fraudulently make a false instrument in writing, which said instrument is substantially as follows: '$82.80/100.  Dec. 29th, 1896.

On May the 29th, 1897, for value received, we or either of us promise to pay to the Dublin National Bank the sum of eighty-two & 80/100 dollars, at Dublin, Texas, with ten per cent per annum interest from maturity. [Signed]  J. N. Webb, J. R. Rucker, S. E. Drake.' The said note can not be described better, nor set out by its tenor, for the reason that the same has been taken up and paid off by the defendant, and is now in his possession, or is lost and destroyed, and can not be had by the grand jurors aforesaid.". Appellant alleges, first, that the indictment charges no offense, because it failed to allege that said forged instrument was the act of another or others, as required in article 530 of the Penal Code; and, second, that the indictment alleged that said forged instrument was payable to the order of the Dublin National Bank, of Dublin, Texas, and nowhere alleges that said Dublin National Bank is a copartnership, joint stock company, or incorporated company.

While the statute requires, before the offense of forgery can be committed, it must purport to be the act of another, it is not necessary, in charging forgery, to set out the purport of an instrument, or by whom it purported to be signed. It is simply sufficient to set forth the instrument by its tenor. It is not claimed that the name "J. N. Webb," the defendant, was forged to the instrument; but the forgery, as shown by the proof, consists in signing the names of J. R. Rucker and S. E. Drake to said instrument, following the name of Webb. We hold that there was no necessity for the allegation that the instrument purported to be the act of another than the said J. N. Webb; that the signature to said instrument purported to be the act of another than the said Webb sufficiently appears by the allegation that the instrument bearing said signatures was forged by the said Webb,—not that he forged his own name thereto, but that he forged the names of one or both of the other parties thereto. See Thurmond v. State, 25 Texas Crim. App., 366; Wilson v. People, 5 Parker, Cr. R., 178.

The other ground alleged in the motion in arrest of judgment is not well taken. It was not necessary here to allege the incorporation of the bank. It was not claimed that the bank executed or purported to execute the order. The instrument was merely drawn on a bank. See Brown v. State (Texas Crim. App.), 43 S. W. Rep., 986; Lucas v. State, ante, p. 48. This is not like the cases of White v. State, 24 Texas Criminal Appeals, 231, and Nasets v. State (Texas Criminal Appeals), 32 Southwestern Reporter, 698.

Appellant, on the trial of the case, asked the court to give the following instruction to the jury, which the court refused, and he reserved his exception thereto, and assigns this action of the court as error: "You are charged that in this case the State has alleged that the instrument claimed to have been forged was signed, 'J. N. Webb, S. E. Drake, J. R. Rucker,' and that, before you can find the defendant guilty, you must find from the evidence that the instrument was so signed. Therefore, you are charged that if you find from the evidence that said instrument

was signed as alleged in the indictment, and you further find that the other allegations as set out in the indictment are true, you will convict the defendant. But if, from the evidence, you believe that said instrument was signed, 'S. E. Drake, J. R. Rucker, N. Webb,' then you are instructed that such would not sustain the allegations of the indictment; and you will, if you so find, acquit the defendant. You are further instructed that where the State, by indictment for forgery, sets out the forged instrument in substance, then the grand jurors are required to describe said forged instrument so as it' can be reasonably identified." The charge asked was unquestionably predicated upon testimony adduced by appellant; that is, he produced an instrument in general terms similar to the one declared on by the State, and proved by a State's witness that said instrument was the one which was passed by appellant. This instrument, instead of containing the initials "J. N." in connection with the signature of Webb, contained the initial "N." only preceding the signature of Webb. It will be observed that the indictment does not propose to set forth said forged instrument by its tenor; but the pleader excuses himself therefrom by an allegation that the note had been paid off by the defendant, and was then either in his possession, or had been lost or destroyed by him. It was competent to pursue this method in such case. See Smith v. State, 18 Texas Crim. App., 399; People v. Badgley, 16 Wend., 53; 2 Bish. Crim. Proc., sec. 404; 8 Am. and Eng. Enc. of Law, p. 514, and note. The authorities above cited appear to authorize a liberal construction in setting out the alleged lost instrument in substance.

The question accordingly presented for our consideration is whether the alleged forged instrument is substantially set out. While the pleader states in the indictment that the forged instrument can not be set out according to its tenor, he does not proceed to set out what the instrument purported to be, but attempts to set it out substantially according to its terms, and, in so doing, he alleges that the first signature to said note is J. N. Webb. This, as we understand it, is tantamount to charging that one J. N. Webb signed the said instrument. Appellant, however, offered to prove that the instrument was not signed J. N. Webb at all, but signed N. Webb. Now, can it be said that J. N. Webb and N. Webb are one and the same person; in other words, is there a variance between the initials of the two names? Undoubtedly, if said instrument were set forth according to its tenor, there would be a variance under all of our decisions. It will be noted that the pleader does not allege any uncertainty as to the initials of Webb. If he had said that the paper was signed by one Webb, whose initials were not known, then another question would be presented, and there would be no variance. But here the distinct allegation is that the certain instrument declared on was signed by J. N. Webb. While the State proved this allegation, yet the defendant offered testimony that the note alleged to have been forged was not in fact signed "J. N. Webb," but "N. Webb." On this testimony appellant asked the

court to charge on a variance. This, in our opinion, the court should have done; and, for the failure to do so, the judgment is reversed and the cause remanded.

*Reversed and remanded*

HURT, Presiding Judge, absent.