SIMON WEIL v. THE STATE.

No. 3141. Decided November 15, 1905.

**1.—Local Option—Evidence—Bill of Exceptions.**

Where on trial for a violation of the local option law testimony was introduced over defendant's objection that the witness then had on hand about forty packages, the same not showing any extraneous crime, there was no error, besides the exception that the testimony was incompetent and immaterial, was too genereal.

**2.—Same—C. O. D. Order—Insufficiency of Evidence—Venue.**

On trial for a violation of the local option law where the evidence showed that the purchaser received two packages of whisky on two separate occasions from defendant, for which he had made no order, for which he paid at the time of delivery in the county of the prosecution, and the express charges having been prepaid. Held that the sale was in the local option county and not in the county from where the whisky was shipped.

**3.—Same—Indictment—Corporation.**

Where the indictment alleged that defendant, agent of the T. & K. Company, did sell liquor, etc., the same was sufficient although the allegation as to agency was unnecessary, as the defendant, and not the company was involved.

Appeal from the County Court of Houston. Tried below before Hon. Porter Newman.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*Nunn & Nunn* and *Brockman & Kahn,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.   On question of sale:   Ellington v. State, 12 Texas Ct. Rep., 800.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment fixed at a fine of $50 and twenty days confinement in the county jail.

There are two bills of exception in the record.   When Clem Valentine was on the stand, he was required to state, over appellant's objection that he then had on hand from the Texas & Kentucky Company, about 48 packages.   The objection here was that the same was incompetent and immaterial, and did not affect this case.   It has been held that an exception of this character is not good.   However, we fail to see how this testimony could injuriously affect appellant.   It was not of any extraneous crime in which he was involved; and if proper objection had been taken we could not say that the testimony was injurious to appellant.   The second bill is of the same character, and what has been said above applies to it.

Appellant insists that the testimony, as shown by the record does not make out a case of sale by appellant in Houston County, which is a local option county.   His contention is, that it shows a sale of the C. O. D. package at Houston, Harris County.   We notice that the county judge filed his conclusions of law and fact; and found among other things, that the Texas & Kentucky Company did not have any order from Chas. Turner for the whisky, shipped to his address at Crockett, Texas.   He further found that C. M. Valentine, the express agent, delivered to Chas. Turner the whisky, in Crockett, Houston County; and that said Turner paid at the time of the delivery, $3.25 therefor to said Valentine, and that the express was prepaid by the consignor, and that the money paid by Turner for said whisky was returned to the consignor, with return charges collect.   As his conclusion of law, the judge found, that Valentine was the agent of the express company at Crockett, and was the agent of Simon Weil in delivering the whisky and receiving the money therefor from Chas. Turner, and that there was a sale of whisky to Chas. Turner, and that the sale took place in Crockett, Houston County, prior to the date alleged in the indictment.   Now, recurring to the facts, Chas. Turner distinctly testified that he received two packages of whisky on two separate occasions from Texas & Kentucky Company at Houston; that on neither occasion did he make any order for said whisky. This testimony is not gainsaid by any witness; and the only thing that even presents a suggestion that the Texas & Kentucky Company might have had an order is a letter introduced in evidence by the State, addressed from Houston, October 27, 1904, as follows:

"Mr. Charley Turner,
　　　　Crockett, Texas.

Dear sir: We are in receipt of your favor, and have this day shipped you four full quarts of our famous Silver Spring Rye, which we hope will reach you in good condition. We trust the goods will give you satisfaction, and we trust to receive future orders from you as well as from your friends, which will at all times have our prompt attention, etc.

(Signed) Texas & Kentucky Company,
　　　　　　　　per Simon Weil, President."

No witness testified as to the authenticity of this letter. Why the letter was offered by the State we do not understand, except that it tended to show a fabrication. At any rate, if the order had been received from appellant by the Texas & Kentucky Company, it would have been a very easy matter for appellant to have produced that order; if the same had been lost or destroyed, proof thereof could have been made, and the contents thereof testified to. In the face of the testimony of Turner, it occurs to us that some effort should have been made to have counteracted his testimony, so as to have shown the receipt of an order from him. We believe the county judge was authorized to find, as he did, that no order for the whisky was made by Turner; and that the shipment of the whisky into the local option territory was voluntary on the part of the Texas & Kentucky Company, and in the absence of any order. This is corroborated by other circumstances of the case. There being no order, the sending of the whisky into local option territory was the initiative of the transaction and embraced a proposition to sell the whisky to Chas. Turner, in the local option territory, which proposition he accepted when he paid the whisky out of the express office. This transaction comes within the rule laid down in Ashley v. State, 46 Texas Crim. Rep., 471; 10 Texas Ct. Rep., 271.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### December 21, 1905.

HENDERSON, JUDGE.—Upon motion for rehearing appellant says that we failed to discuss his assignment in regard to there being no allegation in the indictment, and no proof as to what the Texas & Kentucky Company was, whether or not it was a corporation. The allegation in the indictment is, that appellant, agent of the Texas & Kentucky Company, did sell liquor, etc., in Houston County. If there is any motion to quash we have failed to find it in the record, nor was there any exception as to the failure to prove whether or not said Texas & Kentucky Company was a corporation, joint stock company, co-partnership or an individual. This allegation is entirely unnecessary. The allegation should have been direct, charging appellant with the offense, without alleging his agency for any concern or person.

It is not one of those essential averments to the validity of the indictment. Texas & Kentucky Company is really not involved in this case, only Simon Weil.

We do not believe it is necessary to allege whether the same was a corporation, joint stock company, co-partnership or an individual. See Lucas v. State, 39 Texas Crim. Rep., 48; 44 S. W. Rep., 825; Brown v. State, 43 S. W. Rep., 986.

Appellant discusses at length his assignment to the effect that the court erred in holding from the facts of this case that the sale was in Houston County; that the facts show the sale occurred in Harris County. We do not deem it necessary to reiterate or further discuss this question than was done in the original opinion. The fact, as insisted on, that the State was bound by the contents of the letter introduced by defendant, is not correct. It was competent for the State to prove the facts were otherwise. The statement in the letter was a mere recital to the effect that a letter had been received by appellant from prosecutor ordering the whisky, and that he would comply therewith. Prosecutor, however, was introduced and testified that he wrote no such letter. Now, if it be true, as suggested by appellant, that some one else might have written the letter and signed his name to it, if appellant had introduced this letter he says in his letter he had received, then he might urge his position with some show of reason, but his failure to introduce this aspect of the case or produce that letter, it occurs to us, militates against his insistence. The motion for rehearing is overruled.

*Rehearing overruled.*