G. C. WISDOM v. THE STATE.

No. 3624.   Decided March 22, 1906.

**Passing Forged Instrument—Variance Between Indictment and Proof—Surplusage.**

In a prosecution for passing a forged instrument, where the indictment alleged that the defendant passed the alleged instrument to a certain corporation naming it, it was necessary to prove this allegation, and the same could not be treated as surplusage.

Appeal from the District Court of Wise.   Tried below before Hon. J. W. Patterson.

Appeal from a conviction for fraudulently passing a forged instrument; penalty, two years in the penitentiary.

The opinion states the case.

*R. E. Carswell* and *T. J. McMurry,* for appellant.—Young v. State, 30 Texas Crim. Rep., 308.

*Howard Martin,* Assistant Attorney-General for the State.

BROOKS, JUDGE.—Conviction for passing a forged instrument, the punishment fixed at two years confinement in the penitentiary. The indictment contains two counts: one charging forgery, and the other knowingly passing as true a forged instrument. The first count was quashed. The only insistence of appellant that we deem necessary to review is the error assigned that the court erred in holding that the

State was not required to prove that the City National Bank of Decatur was a corporation; the second count of the indictment having alleged that appellant did wilfully, knowingly and fraudulently pass as true to the City National Bank of Decatur, Texas, a corporation, a false and forged instrument in writing. Whether necessary or not to allege that the bank was incorporated, we think, however, it was necessary to prove it after making the allegation. This cannot be justly treated as surplusage. We therefore hold that it was necessary to prove the incorporation of said bank. Usher v. State, 10 Texas Ct. Rep., 921; Lucas v. State, 39 Texas Crim. Rep., 48; Webb v. State, 39 Texas Crim. Rep., 534. The judgment is reversed and the cause remanded.

*Reversed and remanded.*