### PLES WHITTAKER v. THE STATE.

#### No. 1796. Decided May 22, 1912.

**1.—Forgery—Indictment—Purport Clause.**

It is the recognized doctrine in this State that it is not necessary that the indictment in forgery contain a purport clause; it is sufficient if the instrument is set out according to its tenor. Following Rhudy v. State, 58 S. W. Rep., 1007.

**2.—Same—Partnership—Corporation.**

It is not necessary to allege, in the indictment for forgery, whether or not the beneficiary in the instrument was a partnership or corporation, it not being claimed that he executed the instrument.

**3.—Same—Obligation.**

Where the alleged instrument imports an obligation, the same was sufficient to support a prosecution for forgery.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & A. S. Tiernan,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The grand jury of Harris County returned an indictment, charging appellant with forgery.

There being no statement of facts or bills of exception in the record, the only ground in the motion for new trial that we can consider is the one challenging the validity of the indictment. Omitting formal parts, the indictment alleges "that Ples Whittaker on or about the 13th day of September, 1911, in the county of Harris and State of Texas, with force and arms, then and there without lawful authority, and with intent to injure and defraud, did willfully and fraudulently make a false instrument in writing to the tenor following: (then sets out in haec verba a contract binding Ellis Randal to pay to The L. B. Price Mercantile Co. a given sum weekly) against the peace and dignity of the State."

Appellant moved to quash the indictment on the following grounds: "Said indictment fails to set out that the alleged forged instrument 'purports' to be the act of another, nor does it set out the name of the person whose name it is claimed to have been forged; and that it does not allege whether or not The L. B. Price Mercantile Co. is a corporation or partnership." The other grounds in the motion relate to the count charging appellant with passing a forged instrument, but as he was convicted of forgery, it is unnecessary to discuss them.

The contention of appellant that the indictment does not contain a "purport" clause presents no ground for reversal, it being held in the case of Rhudy v. State, 58 S. W. Rep., 1007, that it is the recognized doctrine in this State that it is not necessary that the indictment contain a purport clause, it being sufficient if the instrument is set out according to its tenor, citing Westbrook v. State, 23 Texas Crim. App., 401; English v. State, 30 Texas Crim. App., 470; 2 Bish. Crim. Prac., sec. 413. This question is discussed at length in the case of Webb v. State, 39 Texas Crim. Rep., 534, as well as the other questions raised in appellant's motion, and they are all decided adversely to appellant's contention, it being specifically held that it was not necessary to allege whether or not the beneficiary named in an instrument was a partnership or corporation, as it was not claimed that the beneficiary named executed the instrument. See also Usher v. State, 47 Texas Crim. Rep., 93.

The instrument in this case alleged to have been forged clearly imports an obligation on the part of Ellis Randal to pay to The L. B. Price Mercantile Co. the amount named in the obligation.

The judgment is affirmed.

*Affirmed.*