# JANUARY, 1918

## J. E. WATSON v. THE STATE.

### No. 4621.   Decided November 28, 1917.

### Rehearing denied January 16, 1918.

**1.—Forgery—Indictment—Delivery.**

In an indictment for forgery which shows on its face that the forged instrument is payable to a certain bank, and that the name of the drawer is forged, it is not necessary to allege the delivery of the alleged note to said bank, as it is not necessary in forgery to perpetrate the fraud in order to constitute this offense.

**2.—Same—Indictment—Partnership—Corporation—Pleading.**

Where the indictment set out the note alleged to have been forged by its tenor, it was not necessary to allege that the bank to which it was payable was a partnership, joint stock company or a corporation. Following Lucas v. State, 39 Texas Crim. Rep., 48, and other cases.

**3.—Same—Rule Stated—Forged Instrument.**

When the alleged forged instrument is an ordinary bank check, draft, promissory note, or other ordinary commercial instrument importing a pecuniary obligation on its face, it is not necessary to allege that the payee is a firm, partnership or corporation.

**4.—Same—Rule Stated—Incorporation.**

Where the check or draft alleged to be forged is drawn on a bank it is not necessary to allege that the bank is incorporated or unincorporated, the bank not being the injured party.

**5.—Same—Extrinsic Averments—Indictment—Pleading.**

In an indictment for forgery additional averments of extrinsic facts are only necessary when the alleged forged instrument on its face does not create, increase, diminish or discharge any pecuniary obligation. Following Lynch v. State, 41 Texas Crim. Rep., 209.

**6.—Same—Jury and Jury Law—Practice in District Court—Statutes Construed.**

Article 751, C. C. P., is not mandatory, and it is not error not to send the papers admitted in evidence out with the jury unless the jury calls for them, and there is no reversible error that the trial court did not permit the jurors to take the alleged forged instrument with them in their retirement, they not having called therefor. Following Wragge v. State, 65 Texas Crim. Rep., 131, and other cases.

**7.—Same—Jury and Jury Law—Motion for a New Trial.**

There was no error in overruling a motion for new trial on the ground that one of the jurors was not a householder or a freeholder, in which the idea was conveyed that defendant did not know this at the time he accepted the juror. Following Leeper v. State, 29 Texas Crim. App., 63, and other cases.

**8.—Same—Jury and Jury Law—Disqualified Juror.**

Where defendant in the motion for new trial alleged that a juror was prejudiced against him, and had so expressed himself prior to being taken upon

the jury, but it appeared from the record on appeal that defendant does not undertake to say that he was unaware of the prejudice or partiality of this juror before accepting him, there was no reversible error. Following Daugherty v. State, 59 Texas Crim. Rep., 464.

### 9.—Same—Jury and Jury Law—Insanity—Rehearing.

Where the question of the insanity of one of the jurors in the court below was not raised therein, the matter can not be considered in this court, as this would involve an inquiry into a question of fact upon the sanity or insanity of the juror.

### 10.—Same—Rule Stated—Practice on Appeal—Judgment.

Relief against a void judgment, upon matters not contained in the record on appeal, must be sought in the trial court which is equipped to determine the fact, and from its judgment upon such proceeding only will appeal lie to this court.

Appeal from the District Court of Freestone. Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Geppert & Wroe* and *Boyd & Bell,* for appellant.—On question of insufficiency of evidence: Carver v. State, 31 S. W. Rep., 678; Nasets v. State, 32 id., 698.

On question of disqualified juror: Boren v. State, 4 S. W. Rep., 463; Graham v. State, 13 id., 1010; Hanks v. State, 21 Texas Crim. App., 526; Harris v. State, 72 Texas Crim. Rep., 117, 161 S. W. Rep., 125.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of disqualified juror: Armstrong v. State, 34 Texas Crim. Rep., 248; Speer v. State, 57 id., 297.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

Appellant assigns what he denominates *"fundamental error"* based on the proposition that the indictment shows on its face the forged instrument is payable to the Farmers & Merchants State Bank of Teague, Texas, but it fails to allege that the note was delivered to that bank. This proposition is without merit. The name of R. L. King is the name forged to the note, which was payable to the Farmers & Merchants State Bank of Teague, Texas. The delivery of this note to that bank was not necessary to constitute forgery. It is not necessary to perpetrate the fraud in order to constitute forgery. If appellant forged the note with intent to defraud, the offense was complete. Another *"fundamental"* proposition asserted by appellant is that the note being set out by its tenor should have also alleged that bank was a partnership, joint stock company or a corporation, the contention being

that extrinsic averments must be alleged where it appears that the forged instrument is not made payable to an individual. We do not understand such to be the law applicable to this character of forgery. The rule is, it· is not necessary in instruments of this character to charge that the bank was incorporated. The cases will be found collated in Mr. Branch's Annotated Penal Code at page 853. The bank is the payee, not the payer. It is not necessary to discuss what might be involved if the name of the bank had been forged. King's name was forged, and the bank made the payee. See Lucas v. State, 39 Texas Crim. Rep., 48; Webb v. State, 39 Texas Crim. Rep., 534; Usher v. State, 47 Texas Crim. Rep., 93; Whittaker v. State, 66 Texas ·Crim. Rep., 541, 147 S. W. Rep., 599; Davis v. State, 69 Texas Crim. Rep., 420, 156 S. W. Rep., 1171. Mr. Branch in his Annotated Penal Code thus states the· rule in a very condensed and accurate form as shown by the opinions of this court cited in support of this proposition: "When the alleged forged instrument is an ordinary bank check, draft, promissory note, or other ordinary commercial instrument importing a pecuniary obligation on its face, it is not necessary to allege that the payee is a firm, partnership or corporation." He also states this further rule, which indirectly may be applicable: "Where the check or·draft alleged to be forged is drawn on a bank, it is not necessary to allege that the bank was incorporated or unincorporated, the bank not being the injured party," citing quite a number of authorities. It may also be stated that where the forged instrument is not an ordinary commercial instrument, and the name purporting to be signed thereto is not applicable to a private person, there should be an extrinsic averment showing whether· it was a corporation, joint stock company, or a partnership. This was held in Lynch v. State, 41 Texas Crim. Rep., 209. It is again asserted that if the alleged forged instrument is an ordinary commercial instrument importing a pecuniary obligation on its face and is signed by a name applicable to a firm, it need only be set out by its tenor, and in such case it is not necessary to allege the names of the individual members or to allege that their names were unknown. Many cases are cited by Mr. Branch in support of this proposition.

It seems to be the settled law that in forgery the forged instrument be such that, if true, it would create, increase, diminish, discharge or defeat any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever, and it must appear that it is legally of such character, either from the face of the instrument itself, or if that alone does not show it, then additional averments of such extrinsic facts must be alleged as to charge a forgery. Under none of these authorities can it be held to be the law that extrinsic averments would be necessary under a forged instrument like the one set out in this record.

Another contention of appellant is that the court erred in not permitting the jurors to take the alleged forged instrument with them into

the jury room, it being a written instrument introduced in evidence before the jury. The bill recites that when the jury retired defendant requested the court to permit the jury to take with them in the jury room the note alleged to have been forged by defendant. This was refused by the court. The trial judge explains this bill as follows: "The note in question had been passed around and carefully examined by the several members of the jury. None of them requested or intimated to the court that they desired further examination. Fearing that same might become lost, and being an important document designed for use by the district attorney in other pending cases, the court deemed it advisable to not send same to the jury room, unless called for by the jury." This ruling of the court is not erroneous. See Wragg v. State, 65 Texas Crim. Rep., 136; Schultz v. State, 15 Texas Crim. App., 258. Article 751 of the Revised Code of Criminal Procedure provides that the jury may take with them on retiring to consider their verdict all the original papers in the cause and any papers used as evidence. This statute has been, at least as far back as Schultz v. State, supra, held to be permissible, and not mandatory, and it is not error not to send the papers out unless called for by the jury. The cases above cited support this proposition.

In the motion for new trial it is alleged, first, that one of the jurors was not a householder or freeholder, and, therefore, should not have sat on the jury. The idea conveyed is that appellant did not know at the time he accepted this juror that he came within that cause for challenge. That of itself will not require the granting of a motion for new trial. Leeper et al. v. State, 29 Texas Crim. App., 63; Mays v. State, 36 Texas Crim. Rep., 437; Williamson v. State, 36 Texas Crim. Rep., 225. This rule has also been laid down by the Supreme Court. Schuster v. LaLonde, 57 Texas, 28. With reference to this same affidavit another ground of the motion for new trial alleges that the juror was prejudiced against him and had so expressed himself prior to being taken upon the jury. The motion for new trial contains the following: That the said Baggett was not an impartial juror, that he was not acceptable to defendant because he was biased and prejudiced against him; that appellant was called upon to exercise his peremptory challenges when there were but nineteen jurors in the jury box, and at least nine of these were known to him to have their minds made up that he was guilty. That this appellant at the time exercised his right and excused nine jurors peremptorily, "and that he would have exercised another challenge against said juror O. A. Baggett but owing to the fact that there would only be four jurors left, he desired to retain one challenge for the balance of the jury, which had to be summoned by the sheriff to fill out the panel. That the said juror was not an impartial juror, and that he had made statements to others as is shown by the affidavits of B. Saunders and J. W. Newman hereto attached,

and which clearly showed that he had a fixed and determined purpose in finding this defendant guilty should he become a member of the jury. That the said juror was prejudiced against this defendant as is shown by said affidavits. That the said juror was also examined on his voir dire with reference to his impartiality and stated that he was not prejudiced against this defendant. That the said juror misled the defendant, the court and counsel with reference to his qualification to sit on the jury, and with reference to his impartiality. That the said juror Baggett was forced upon the defendant without his consent and by virtue of the said juror's answer to the questions propounded to him on his voir dire, and by reason of the fact that he was forced to use all his peremptory challenges on other jurors who were equally objectionable as said juror Baggett." His contention is that the juror stands in the same relation as if he had challenged him for cause and the challenge had been overruled. This is all that is contained in the motion for new trial, which is sworn to by appellant.

It will be noticed that the defendant does not undertake to say that he was unaware of the prejudice or partiality of this juror before taking him on the jury. It is made to appear on the contrary that he thought this juror was prejudiced and would have excused him but was afraid more objectionable jurors would be summoned by the sheriff upon whom he expected or desired to exercise this challenge. Nowhere does he undertake to assert that the partiality of this juror was unknown to him, and so far as the motion and his affidavit are concerned, it is entirely consistent with the fact that he did know as that he did not know of this "partiality." There was no attempt to get rid of the juror by challenge, or that appellant had an objectionable juror forced upon him. The attorneys in the case filed an affidavit to the effect that they did not know, that they were unaware of the fact that the juror was prejudiced against defendant, and they did not learn of such disqualification until after they had filed defendant's original motion for new trial. They say they were not negligent, but make no statement as to this matter or when they discovered that the juror had previously expressed himself, except a general statement that it was subsequent to the filing of the original motion for new trial. It is shown none of these matters were alluded to in the original motion. The conviction occurred on the 14th of the month. That is the day the record shows entry of conviction was made on the minutes. The original motion for new trial not being in the record, we suppose that they complied with the law and filed it within the requisite two days, which would have occurred not later than the 16th. The amended motion for new trial was filed on April 27th, the date that the original motion was set down for hearing. The affidavits were not brought to the attention of the court with reference to the juror Baggett except in connection with the filing of the motion for new trial. They were appended to that motion, and filed at the same time, and the judge certifies this was on the day

upon which the original motion was set down for disposition. All these matters were controverted by the district attorney, and the judge certifies further that when this motion was filed on the 27th of April the district attorney at once made an effort to locate and have present at the hearing of the motion the attacked juror, but he could not be found. It will be noticed that no information is given in any of these statements at what time it was ascertained, except it was after the 16th of the month; nor do they undertake to show or explain why these affidavits were not called earlier to the court's attention than the day upon which they were filed. These affidavits were sworn to on the 26th, a day before they were filed, and a day before the amended motion was filed. So far as the record is concerned, the matter rested on the affidavits, and the attack made by the State upon it by controverting the motion. The affiants were not placed upon the stand, and so far as the record is concerned there was no effort made to introduce any testimony, and the trial on these matters stood upon the face of the papers above mentioned. It occurs to us that this matter does not present itself in such manner as to require this court to reverse. Appellant should have made it appear to the court that this was discovered by him after the juror was taken on the jury. The motion for new trial is drawn with some degree of skill and attention, but it omits to state that the appellant was not aware of this juror's prejudice, if he was prejudiced, and accepted him on the jury. His motion as sworn to by him indicates that he thought he was not a favorable juror; in other words, that he was unfavorable at the time he took him. It fails to show why he did not exercise a challenge for cause on the nine objectionable jurors, and did not call the court's attention thereto. If they were as objectionable as contended the court would doubtless have sustained the cause for challenge. It was appellant's duty to call the court's attention thereto. He did not do this. The case of Daugherty v. State, 59 Texas Crim. Rep., at page 472, seems to be in point, except in the Daugherty case it seems more favorably stated for defendant than in this case. The Daugherty case discusses this matter at some length and in the usual felicitous style in which Judge Ramsey wrote with reference to questions of importance. Under that authority and the cases cited we are of opinion the court did not err. There is a later case of Haggart v. State, 77 Texas Crim. Rep., 270, that upon the face of the opinion might tend to sustain the contention of appellant, but upon an examination of that record it shows that the matters about which this record is deficient were entirely covered. That opinion, however, treats the matter rather generally and does not go into detail in reference to the motion for new trial. The record when investigated, which the writer has done, shows Haggart was unaware of the condition of the jurors or their prejudice against him, and this he set out fully in his motion for new trial. It was thoroughly sustained by the facts. We are of opinion, therefore, this question as presented would hardly authorize

this court to set aside this conviction. Exceptions to introduction of extraneous forgeries are too general to be discussed.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 16, 1918.

MORROW, JUDGE.—It is claimed that one of the jurors who rendered the verdict against appellant was at the time insane, and therefore an incompetent juror, and that in consequence of such insanity the verdict of the jury is void.

It appears from the motion that the knowledge of this alleged insanity of the juror was not possessed by appellant at the time of the trial and came to him after the term of the court at which he was tried had adjourned. From this it is apparent that the matter was not raised in the court below and is not raised here by anything upon the record of the trial in the court below. Consideration of it would involve an inquiry by this court into the question of fact and its determination from evidence adduced of the sanity or insanity of the juror. This is not within the province of this court on appeal. It is confined to the record made in the court below in determining whether or not a legal trial was had. The judgment before this court is one which in the state of the record is presumed on appeal to have been based on the verdict rendered by a lawful jury. Relief against a void judgment upon matters not contained in the record on appeal, must be sought in the District Court which is equipped to determine the facts, and from its judgment upon such proceeding appeal will lie to this court.

The other questions raised in the motion for rehearing are fully considered and discussed in the original opinion. The motion for rehearing is overruled.

*Overruled.*