Craig *v.* The State.

———•◦•———

JOHN CRAIG v. THE STATE OF OHIO.*

In impeaching the credit of a witness, the inquiry into his general reputation or character, should be restricted to his reputation for *truth and veracity.*

In making this inquiry, any form of words may be adopted, by which to ascertain whether the impeaching witness has sufficient knowledge of the public estimation for truth, in which the witness proposed to be impeached is held.

THIS is a writ of error to the Court of Common Pleas of Wayne county.

The plaintiff in error was convicted of arson at the September term, A. D. 1853, of that court, and sentenced to imprisonment in the penitentiary.

It appears from a bill of exceptions taken on the trial, that one

* This case was decided at the December term, 1854.

Jesse Taylor, an accomplice of the plaintiff in error, was examined as a witness for the State.

A witness was then examined on behalf of the prisoner, to impeach Taylor, and being inquired of as to Taylor's character for truth and veracity, testified that it was bad, and that he would not believe him under oath.

The prisoner's counsel then proposed to ask the impeaching witness the following questions:

1. What is generally said of the prosecuting witness, Jesse Taylor, by those among whom he dwells, as to imputations for general turpitude of character?

2. Do you know the general reputation of the prosecuting witness, Taylor, among his neighbors, as to imputations of a criminal nature, and what is that reputation?

3. Do you know the general character of the prosecuting witness, Jesse Taylor, among his neighbors and those who best know him; and if so, what is his general character?

The court refused to permit these questions to be answered.

And this refusal is assigned for error.

*Jeffries*, for the plaintiff in error.

*McCook*, Attorney General, for the State:

There is no error in this refusal. The witness sought to be impeached, is a criminal by his own admission, and testifies against his associate in the very crime on trial. The necessity of the prosecution alone, places him on the witness stand, instead of in the dock. Of course his reputation for honesty and morality is bad, or at least ought to be. How, then, could proof of his turpitude add to his guilt already acknowledged? But the testimony was incompetent, by the well settled principle which excludes all evidence as to the character of the witness, except for *truth and veracity*. It has never been departed from in Ohio, although the Supreme Court seem to intimate that it is here an open question. *Bucklin* v. *The State*, 20 Ohio Rep. 25. A better illustration of the impropriety of changing the rule could not be found than the case at bar affords.

Craig *v.* The State.

J. R. SWAN, J.

This case presents for decision the question, whether in impeaching the credit of a witness, the inquiry into the general reputation or character of the witness should be restricted to his reputation for truth and veracity, or may be made in general terms, involving his entire moral character and estimation in society. In most of the northern States the inquiry is limited to reputation for truth; in some of the southern States, full latitude is given to ascertain the standing of a witness and his inherent moral character. Very cogent reasons have been given for the holding on each side. In *Bucklin* v. *The State,* 20 Ohio Rep. 25, this question was raised but not decided.

The rule has generally prevailed in this State to confine the inquiry to general reputation for truth; and, without repeating the reasons which have induced the adoption of this rule, and which have been so ably stated by courts, we simply announce that our deliberations have induced us to adhere to that general practice.

We do not intend to prescribe the exact form of words in which a witness should be interrogated, for the purpose of impeaching another witness; but, that we may be clearly understood upon this subject, it is proper to give here what we believe to be in general the proper form of the questions. They are these:

Have you the means of knowing the general reputation of A B, the witness, for truth? Or, this preliminary question may be thus: Are you acquainted with A B, and do you know what is his general reputation for truth? So, any other form of words may be adopted, by which to ascertain whether the witness has sufficient knowledge of the public estimation for truth, in which the witness proposed to be impeached is held.

*Judgment affirmed.* *

---

* This decision was made by Thurman, Chief Justice, and Ranney, Swan and Kennon, Justices.