By the Court.
It was held by this court in Craig v. The State, that in impeaching the credit-of a witness, the inquiry into his general reputation or character should be restricted to his reputation for truth and veracity. 5 Ohio St. 605.
The reputation of the witness for truth is a fact which reflects light on his credit. To detex-mine the extent of itsdisci-editing effect, it is matei’ial to know whether the reputation is such as goes to the entire or only partial discredit of the witness. To say that the reputation of the witness is bad, gives but imperfect information. Bad, is a relative-term, and the inquiry at once arises in the mind, how bad is it. Is his reputation so bad that he ought not to be believed under oath ?
Th ;• mode .of inquiry allowed is only a means of ascertaining what the reputation of the witness for truth really is.
The object of the testimony is not to introduce as evidence the opinion of the impeaching witness as to the truthfulness of the witness against whom he testifies, but to-enable the jury to ascertain the true character of his reputation for truth, as the impeaching witness understands it, and thereby enable them to determine the extent to which it ought to discredit the witness.
The question would be the same in effect, if the witness were asked if the reputation of the witness in question was-such as to go to his discredit when under oath.
*577 We think the question was properly allowed.
It is true, Mr. Greenleaf, in his work on Evidence (vol. 1,. sec. 461), intimates the opinion that the weight of authority is now against the admission of such evidence. An examination of the authorities leads us to a different conclusion. The rule in England, as appears from the text-books, as well as from the recent decision in The Queen v. Brown (1 Law Rep. C. C. 70), is clearly in favor of admitting such evidence, and the current of decisions in this country is to-the same effect. Boyles Ex’rs v. Kreitzer, 46 Penn. St. 466; Knight v. House, 29 Md. 195; Hamilton v. People, 29 Mich. 184; Easton v. Chapman, 21 Ill. 33; Wilson v. The State, 3 Wis. 798; The United States v. Van Sickle, 2 McLean’s R. 219.
The practice in this state, also, has been to allow such questions.

Leave refused.