Tom Burge v. The State.

*No. 607. Decided October 21.*

1. **Practice on Appeal — Bill of Exceptions.**—A bill of exceptions to the admission of evidence objected to, in order to be entitled to consideration on appeal, must set forth ground or grounds of objection.

2. **Forgery — Evidence of Extraneous, Irrelevant Matter.**—On a trial for forgery, where the main issue of contention was whether defendant had authority to sign the alleged forged instrument, evidence admitted over objection of defendant, that the defendant had been appointed deputy sheriff because his life was in danger from parties with whom he had been engaged in stealing stock, and against whom he had agreed to turn State's evidence: *Held*, both irrelevant and prejudicial, and the fact that defendant was given the lowest punishment for forgery does not obviate the inadmissibility of such testimony under the circumstances of this case. Letz v. The State, 21 Southwestern Reporter, 371, distinguished.

Appeal from the District Court of Fayette. Tried below before Hon. H. Teichmuller.

This appeal is from a conviction for forgery, the punishment being assessed at two years in the penitentiary.

R. L. Zapp was one of the witnesses who was called to testify by the defendant. The evidence of this witness, on cross-examination, was ad-

mitted, over objection of the defendant.    Zapp's testimony, as shown by the record, is as follows:

R. L. Zapp, being sworn, for defendant, testified: I was sheriff of Fayette County during 1892, and am sheriff now.    During the summer of 1892, at the request of Cottrell and others who were working with him, I appointed Tom Burge a deputy sheriff.    I revoked his deputyship a short time before the election in 1892, and Cottrell and those associated with him tried to get me to renew it.

Cross-examined:  At the time I appointed Tom Burge deputy sheriff he told me that his life was in danger from certain persons against whom he had agreed to testify in some cases of theft of stock, in which he said he had been engaged with them during last fall.    Ike Kennedy, a deputy of mine, brought several horses from Bastrop County which had been stolen from this county, and he told me that Burge pointed them out to them, and Burge told me the same thing.

No further statement necessary.

*Brown, Lane & Jackson*, for appellant.—The testimony of the witness Zapp, on his cross-examination, was hearsay in its character, highly prejudicial to defendant, and was irrelevant and improper, and did not tend to prove or disprove any issue joined in the case.    Cesure v. The State, 1 Texas Cr. App., 19; Persons v. The State, 3 Texas Cr. App., 240.

*R. L. Henry*, Assistant Attorney-General, for the State.—The testimony of Sheriff Zapp, from its very terms, was not hurtful to appellant. There was not the slightest possibility or probability of the verdict being other than what it is.    The judgment should not be set aside where no injury was done.    Sam Letz v. The State, 21 S. W. Rep., 371.

DAVIDSON, JUDGE.—Appellant was charged with and convicted of forgery.

1. Another instrument was admitted in evidence, purporting to be signed by and the act of J. W. Cottrell, whose name had also been signed to the instrument set out in the indictment.    The bill of exceptions reserved does not set forth the ground or grounds of the objection, and hence is not entitled to consideration.    Jacobs v. The State, 28 Texas Cr. App., 79; Livar v. The State, 26 Texas Cr. App., 115; Bryant v. The State, 18 Texas Cr. App., 107; Davis v. The State, 14 Texas Cr. App., 645.    We are of opinion, however, that the testimony was admissible under the facts of this case.

2. The bill of exceptions reserved to the introduction in evidence of the instrument signed "J. L. Stagner" fails also to state any ground of objection to its admission.    It was shown, however, not to be a forgery,

and we are of opinion that no injury accrued by reason of its going to the jury.

3. The sheriff of the county testified, in behalf of defendant, that at the instance of "J. W. Cottrell" and others he appointed defendant deputy sheriff during the summer of 1892, and shortly prior to the election that fall revoked the appointment. On cross-examination, and over the objection of the defendant, that the testimony was "highly prejudicial" and in no way relevant to the issue involved in the trial, the witness was permitted to testify, "At the time I appointed him he told me his life was in danger from persons against whom he had agreed to testify for the State, in the cases in which he and other persons had been engaged in stealing stock; and to the effect that several horses which had been stolen in Fayette County had been brought back from Bastrop County by one of his deputies, viz., Ike Kennedy, who told me that Burge had shown him the horses, and that defendant had also told him the same thing."

We are cited by the State to the Letz case, 21 Southwestern Reporter, 371, in support of the ruling of the court admitting this evidence. That case holds, that inasmuch as there was no question of the fact that Letz exhibited the gaming table, and was given the lowest punishment for that offense, the admission of improper testimony did not require a reversal of the judgment. In this case, however, authority on part of defendant to sign the instrument alleged to be forged was asserted and constituted the main issue of contention on the trial. It is therefore not within the rule laid down in the Letz case.

The testimony was inadmissible and prejudicial to defendant. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.