STATE *v.* PETER MANNING.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON and HASELTON, JJ.

Opinion filed August 21, 1902.

*Criminal law—Fabricated alibi—Instruction.*

A fabricated *alibi* is a criminative circumstance and an inferential admission of guilt, but not conclusive, and a charge calculated to mislead the jury into supposing that they were bound to convict if they found the *alibi* false, is error.

INDICTMENT for rape. Plea, not guilty. Trial by jury at the December Term, 1901, Windsor County, *Stafford, J.,* presiding. Verdict, guilty. Judgment and sentence thereon. The respondent excepted.

That part of the charge excepted to is as follows:

"If you find the defence, or attempted defence, is a false one, of course he knows it, and if you should be satisfied it is false, that would be evidence tending to show that he is guilty, because if he were not guilty, he would not attempt, probably, to put in a false defence. So whenever an *alibi* is attempted

29

to be proved and is false, it may be treated by the jury as posi-
tive evidence of guilt. But it is a question for you to say
whether upon the evidence you have a reasonable doubt about
his having been there at the time claimed, and if you have a
reasonable doubt, as I said before, he is entitled to the benefit
of it, and entitled to be acquitted."

*Gilbert A. Davis* for the respondent.

It was error to charge that the attempt to prove an *alibi*
and that attempt failing, was "positive" evidence of guilt.
"Positive" evidence, is evidence to the precise point in issue, as
in the case of homicide, that the accused caused the death.
*Com.* v. *Webster*, 5 Cush. 310; *People* v *Cronin*, 34 Cal. 202;
*People* v. *Morrill*, 60 Cal. 144, 2 Rice Ev. 767.

As said by REDFIELD, C. J., in *State* v. *Williams*, 27 Vt.
726, the introduction by the respondent of a fabricated *alibi*
"has no direct tendency to establish the main charge." To the
same effect is *State* v. *Ward*, 61 Vt. 194; 1 Best on Ev. s. 27;
1 Greenl. Ev. 13.

*Chas. P. Tarbell,* State's Attorney, for the State.

A false *alibi* is evidence of guilt and has been too many
times so held to be successfully questioned now. The charge
was correct. Whar. Crim. Law, 715; *State* v. *Williams*, 27
Vt. 724; *State* v. *Wood*, 61 Vt. 153; *State* v. *Totten*, 72 Vt. 73.

ROWELL, C. J. The prisoner set up an *alibi*. The court
charged that if he fabricated it, the jury had a right to consider
that as positive proof of guilt. Although there may be no
erroneous statement of legal principle in this, it was such a
failure adequately to present the law's view of a fabricated *alibi*
as criminative evidence as to call for a reversal, for it was cal-
culated to mislead the jury into supposing that in the event
named it was bound to convict. The law says that a fabricated
*alibi* is a criminative circumstance, and an inferential admis-
sion of guilt, but not conclusive. *State* v. *Ward*, 61 Vt. 153,

194, 17 Atl. 483.    Mr. Bishop says that a failure in the proof of an *alibi*, while in special circumstances, such as where it discloses an attempt to mislead by false evidence, it may justly prejudice the prisoner's case,—is not otherwise more significant than the like failure in any other part of his proof.    1 Bish. New Crim. Proced. § 1063.

*Judgment and sentence reversed, verdict set aside, and cause remanded for a new trial.*