LEONARD DAVIS v. THE STATE.

No. 2435.   Decided April 30, 1913.

**1.—Forgery—Indictment—Pecuniary Obligation.**

Where the instrument on its face imports a pecuniary obligation, it was not necessary to allege in the indictment that the instrument, if genuine, would have created, increased, diminished or discharged or defeated any pecuniary obligation. Following Horton v. State, 32 Texas, 80, and other cases.

**2.—Same—Indictment—Firm—Payee.**

It was not necessary in the indictment for forgery to allege that the payee in the alleged forged check was a firm.

**3.—Same—Indictment—Injury.**

In forgery, it is not necessary to allege the name of the person to be defrauded, or that any particular person was injured thereby. Following Labaitte v. State, 6 Texas Crim. App., 257, and other cases.

**4.—Same—Indictment—Explanatory Averments—Words and Phrases.**

In an indictment for forgery, it was not necessary by explanatory averments to allege what was meant by "no" just before the word "dollars" in the check, and the allegation "for goods" after the amount simply evidenced the fact that the alleged check had been given for goods purchased. Following Forcy v. State, 60 Texas Crim. Rep., 206.

**5.—Same—Indictment—Incorporation.**

Upon trial of forgery, it was not necessary to allege in the indictment that the bank in question was incorporated or unincorporated, the bank not being the injured party. Following Reeseman v. State, 59 Texas Crim. Rep., 430, and other cases.

**6.—Same—Evidence—Check.**

Upon trial of forgery, there was no error in admitting in evidence the check described in the indictment.

**7.—Same—Hearsay Evidence.**

Upon trial of forgery, there was no error in rejecting testimony what one witness had told the other as to defendant's authority to sign the name to the check.

**8.—Same—Charge of Court—Defensive Theory.**

Where, upon trial of forgery, the court's charge presented defendant's theory of defense in an affirmative way, there was no error. Following Hatch v. State, 6 Texas Crim. App., 384, and other cases.

**9.—Same—Bills of Exception.**

Where the bills of exception referred to in the motion for new trial were not contained in the record, they could not be considered on appeal.

Appeal from the District Court of Jones. Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. C. Randel,* for appellant.—On question of insufficiency of the indictment: Joiner v. State, 80 S. W. Rep., 531; Crawford v. State, 40 Texas Crim. Rep., 344; Womble v. State, 39 id., 24; Anderson v. State, 20 Texas Crim. App., 595.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted in the District Court of Jones County under an indictment charging him with forgery, and his punishment was assessed at confinement in the penitentiary for the term of two years.

The first contention is that the court erred in overruling appellant's motion to quash the indictment. The motion to quash the indictment states the following reasons: 1. That the indictment does not charge that the instrument forged would have created, diminished, discharged, or defeated any pecuniary obligation. 2. Because the indictment does not allege that S. F. Hackney and Son was a firm. 3. Because the indictment does not allege and show that W. H. Travis, the purported maker, or the said S. F. Hackney and Son, or either, could have been injured. 4. Because said indictment does not contain allegations as to what was meant by the words "no Dollars" following the word "Fifteen." 5. Because the indictment does not contain allegations as to what is meant by "for goods." 6. Because the indictment does not contain innuendo averments to the effect that "The First Bank of Swenson" was a corporation, association, or banking concern, nor where located.

The indictment under which appellant was convicted reads as follows:

"And the grand jurors aforesaid upon their oaths in said court do further present that Leonard Davis, on or about the 10th day of

August, A. D. 1912, and anterior to the presentment of this indictment, in the County of Jones and State of Texas, without lawful authority and with intent to injure and defraud, did wilfully and fraudulently make a false instrument in writing, purporting to be the act of another, towit: the act of W. H. Travis, the said W. H. Travis being a fictitious person, which said false instrument is in the tenor following:

'Swenson, Texas, 8/10, 1912.     No.....

THE FIRST BANK OF SWENSON

(Unincorporated)

Pay to the order of S. F. Hackkney and son                      $15.00
Fiftheen no/ Dollars
For Goods

W. H. Travis.'

By the figures '8/10' in the line at the top of said check after the words 'Swenson, Texas,' was intended and meant to be and stand for 'August tenth.' By the word 'Fiftheen' after the dollar mark and figures was intended and meant to be the word 'Fifteen.' Against the peace and dignity of the State."

As to the first ground upon which this motion to quash is based, we think the instrument on its face imports a pecuniary obligation, and, therefore, it was not necessary to allege that the instrument if genuine would have created, increased, diminished or discharged or defeated any pecuniary obligation. See Horton v. State, 32 Texas, 80; Labbaite v. State, 6 Texas Crim. App., 257; Morris v. State, 17 Texas Crim. App., 660; Dooley v. State, 21 Texas Crim. App., 549. It is drawn in the form that virtually all checks on banks are now given. It was not necessary to allege that S. F. Hackney and Son was a firm. It has been so decided in a number of cases by this court.

As to the third ground, towit: that the indictment was bad because it did not allege that Hackney and Son, or Travis, or either, could have been injured, it is not tenable. It is not necessary to allege the name of the person to be defrauded. Labbaite v. State, 6 Texas Crim. App., 257; Westbrook v. State, 23 Texas Crim. App., 401; English v. State, 30 Texas Crim. App., 470.

As to the fourth ground: that it should have, by explanatory averments, alleged what was meant by "no/" just before the word "dollars" in the check, we think the entire commercial world knows that it meant no cents, and the check as written was an ordinary commercial instrument and called for fifteen dollars—no more and no less. The words "For Goods" after the amount, simply evidences that the check had been given for goods purchased. Forcy v. State, 60 Texas Crim. Rep., 206.

As to the remaining ground in the motion, it was not necessary to allege that the bank in question was incorporated or unincorporated,

the bank not being the injured party. See Reeseman v. State, 59 Texas Crim. Rep., 430, 128 S. W. Rep., 1126; Webb v. State, 39 Texas Crim. Rep., 534; Lucas v. State, 39 Texas Crim. Rep., 48; Usher v. State, 47 Texas Crim. Rep., 93; Carter v. State, 55 Texas Crim. Rep., 43; Brown v. State, 60 Texas Crim. Rep., 505, 132 S. W. Rep., 789.

The check being such an instrument as, if valid, would have created a legal obligation, and being properly described in the indictment, the court did not err in admitting it in evidence.

The only other bill complains of the action of the court in not permitting defendant to prove by his witness Davis that one Croom told witness (Davis) that he had given defendant authority to sign the name of W. H. Travis to the check. This testimony was inadmissible, because it was hearsay. If it was desired to make this proof Croom should have been summoned. What he told a third party would not be admissible.

The only other complaint is that the court erred in his charge to the jury wherein he instructed them that if the defendant actually believed he had authority to sign to the check the name of W. H. Travis, to acquit, whereas the charge should have been that if he reasonably believed he had authority to sign the name to the check he should be acquitted. There is no merit in this ground. The charge presented the theory of defendant affirmatively in a way he has no grounds for complaint. See art. 540, White's Penal Code; Hatch v. State, 6 Texas Crim. App., 384; Burge v. State, 32 Texas Crim. Rep., 359; Sweet v. State, 28 Texas Crim. App., 223; Williams v. State, 24 Texas Crim. App., 342; McCay v. State, 38 Texas Crim. Rep., 233.

Bills of exception Nos. 3, 4 and 5, referred to in the motion for new trial, are not contained in the record before us.

The judgment is affirmed.

*Affirmed.*