GEORGIE SHORES *v.* CHARLES E. SIMANTON.

October Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 14, 1923.

*Witnesses—What Testimony Admissible to Show Good Reputa-
tion for Truth—Form of Inquiry Concerning General
Reputation for Truth.*

1.  The good reputation of a witness sought to be impeached can be
    shown by the testimony of qualified witnesses to reputation
    that they have never heard such person's character for truth
    discussed.

2.  On inquiry to show the general reputation of a witness for truth,
    any form of inquiry not otherwise objectionable, that is cal-
    culated to bring before the jury the witness' general reputation
    for truth answers the requirement as to form, but the general
    practice has been to inquire what the witness' general reputa-
    tion for truth is in the vicinity where he resides, whether
    good or bad; or what such reputation is, whether on a par
    with men in general.

ACTION OF CONTRACT.   Pleas, a general denial and a declara-
tion in set-off.   Trial by jury at the December Term, 1921,
Caledonia County, *Willcox,* J., presiding.   Verdict and judg-
ment for the plaintiff.   The defendant excepted.   The opinion
states the case.   *Reversed and remanded.*

*Shields & Conant* and *Samuel E. Richardson* for the defend-
ant.

*Searles & Graves* for the plaintiff.

MILES, J.   This is an action in contract to recover the pur-
chase price of an automobile which the plaintiff claims to have
sold the defendant.   The defendant pleads a general denial and
files a declaration in set-off.   The case was tried by jury and a

verdict was found for the plaintiff, upon which judgment was rendered.

The defendant relies upon three exceptions. He was a witness in his own behalf and later the plaintiff introduced evidence respecting his reputation for truth for the purpose of general impeachment. A supporting witness called by the defendant was asked: "Have you heard his (the defendant's) reputation for truth and veracity discussed or talked about?" On plaintiff's objection the question was excluded. The defendant asked for an exception which the court did not direct to be noted, remarking, "The exclusion is based upon the form of the question." Some discussion followed and another question was asked which was excluded under exception. The defendant's counsel then said, directing the court's attention to the question first excluded: "I want to ask this witness again if he has heard the reputation of Mr. Simanton for truth and veracity talked about, on the ground that if it has never been talked about the presumption is that it is good, and I think for that reason the question is proper." We think it clear from a reading of the transcript which is made controlling that the ruling was intended and understood to be upon an offer to prove that the witness had never heard the defendant's reputation for truth discussed. The exception reserved fairly presents the question argued by the defendant.

[1] Defendant's claim that the good reputation of a witness sought to be impeached can be shown by the testimony of qualified witnesses to reputation that they have never heard such person's character for truth discussed has so often received judicial sanction that it requires no argument to sustain the soundness of the proposition. 2 Wig. on Ev. § 1614; 5 Jones on Ev. § 865; 40 Cyc. 2648; 28 R. C. L. 651. When the character of a witness for truth is drawn in question by the opposite party evidence of general reputation for truth, whether good or bad, is a legitimate means of proof, either by way of impeachment or to sustain the credibility of the witness. Stevenson v. Gunning's Estate, 64 Vt. 601, 25 Atl. 697. But it is not a necessary condition to the proper foundation for the testimony of the sustaining witness that he should have heard the reputation of the witness discussed or called in question. It is enough that he is well acquainted with the witness and his associates, since it is

to be presumed that he would have heard of the fact, if the witness' reputation for truth was often assailed or called in question. 5 Jones on Ev. § 865. The competency of the sustaining witness was sufficiently shown and was not questioned. It follows that it was error to exclude the offer and to hold, as the court in effect did, that the witness could testify only respecting his knowledge of the defendant's reputation for truth. As the error injuriously affected the defendant's rights, he is entitled to a new trial.

[2] The defendant excepted to the admission of a question asked one of the plaintiff's witnesses respecting the reputation of the defendant for truth. After the usual preliminary questions the witness was asked: "Is his reputation in this community for truth and veracity above par or below?" The objection was to the form of the question, the defendant contending that the question should have been what such reputation was, whether good or bad, and not whether above or below par. This court said in *Willard* v. *Goodenough*, 30 Vt. 393, 397: "It is well settled that the question should be, 'What is the general character or reputation for truth?'" However, this should not be taken as fixing an inflexible standard; nor was it so intended, as will be seen from the context. The purpose of the inquiry is to show the witness' general reputation for truth as the basis of an inference respecting his actual character in that regard. 2 Wig. on Ev. §§ 1608-1610. There is no stereotyped form of inquiry required and an examination of the cases shows a great diversity in form of questions that have received judicial approval. Any form of inquiry not otherwise objectionable, that is calculated to bring before the jury the witness' general reputation for truth answers the requirement as to form. *Philips* v. *Inhabitants of Kingfield,* 19 Me. 375, 36 A. D. 760; *State* v. *Randolph,* 24 Conn. 363; *Kelley* v. *Proctor,* 41 N. H. 139; *Craig* v. *State,* 5 Ohio St. 605; *State* v. *Prater,* 26 S. C. 198, 2 S. E. 605. It is desirable that the question be so framed as to confine the answer within proper limits. After the necessary preliminary questions, the practice with us has generally been to inquire what the witness' general reputation for truth is in the vicinity where he resides, whether good or bad; or what such reputation is, whether on a par with men in general. The question asked in the instant case is open to criticism and does not merit approval; but

whether the exception to its admission would require a reversal need not be considered, as the question is not likely to arise on a retrial.

The defendant briefs certain exceptions to the charge respecting the burden of proof. It is claimed that the charge in this regard was ambiguous in that it did not point out with sufficient clearness the issues on which the burden of proof was on the plaintiff and those on which the defendant had the burden. As there is to be a retrial we find no occasion to consider these exceptions. The case presents the ordinary questions respecting the burden of proof arising when the defendant relies upon a general denial and a complaint in off-set. Such matters as are now complained of are not likely to arise on a new trial.

*Judgment reversed and cause remanded.*