GEORGIE SHORES v. CHARLES E. SIMANTON.

Special Term at St. Johnsbury, April, 1925.

Present: POWERS, TAYLOR, SLACK, and BUTLER, JJ., and GRAHAM, Supr.J.

Opinion filed October 7, 1925.

*Offer in Cross-examination—Necessity of Giving Court Fair Opportunity To Rule Properly—Evidence Offered to Prejudice Jury—Insufficient Particularity in Exception—Cross-examination as to Business—Questions Relating to Previous Business and Occupation—Admissions of Party—Scope and Extent of Cross-examination—Error Must Affirmatively Appear—Offer of Evidence Held Proper—Conclusiveness of Ruling on Admissibility of Evidence—Impeachment— Harmless Error—Reconciliation of Conflicting Testimony— Court May Instruct Jury as to Method of Harmonizing Differences of Witnesses.*

1. Offer in cross-examination is unnecessary to save exception taken to ruling excluding question.

2. It is not necessary in cross-examination to disclose purpose of question, but it is not necessarily error to do so.

3. Rule that is not necessary in cross-examination to dislose purpose of question, does not preclude counsel from urging reconsideration of ruling where error, either by mistake or failure to grasp situation, is apparent or confidently believed to have occurred, or from making proper explanation when permitted by court, and properly dealt with.

4. Fair opportunity should be given court to enable it to rule properly on admission of evidence, whether in cross-examination or direct examination.

5. When incompetent, immaterial, and scandalous evidence is offered for purpose of prejudicing jury, it is error to permit it to stand unrebuked.

6. Exception to offer of counsel on cross-examination to show that defendant was not a reputable business man, inquiry having been made on direct examination as to his business affairs, by showing "that he had stationed all about the State these gambling machines (Klondyke machines), contrary to law, and that

they were seized and destroyed, and that he was arrested at different times for it," on ground that making such statements before jury was improper and misleading, *held* not to point out with sufficient particularity claim advanced on argument that statement was improper and misleading because it permitted counsel to offer incompetent, immaterial, and scandalous testimony, knowing it to be such, for purpose of prejudicing jury.

7.  Where defendant testified that he had been engaged in certain businesses for 20 years, from which it might be argued that he had been a reputable business man for many years, plaintiff had right to show the contrary by cross-examination of defendant.

8.  Questions relating to previous business and occupation of witness are proper, and especially so when in reply to testimony of party as to previous vocation, first adduced by him.

9.  Admissions of party, bearing upon his character and moral standing essential to the estimate of his testimony by jury, are not improper.

10. The scope and extent of cross-examination are largely matters in discretion of trial court.

11. Great latitude is allowed in cross-examination, especially of a party who testifies in his own behalf, in testing weight to be given his testimony.

12. Reversible error in offer of proof in cross-examination on issue of whether defendant was a reputable business man, *held* not affirmatively to appear.

13. In action for purchase price of automobile, which defendant claimed not to have purchased, but only to have taken to repair and sell for plaintiff, offer made on defendant's cross-examination, upon exclusion of question as to when defendant had put on car set of number plates which he had taken with him when going for car, claiming its materiality as showing the kind of man he (defendant) was, that he was regardless of law, and being so in one respect was regardless of it in respect to giving his testimony, and as bearing upon whether he treated car as his property or that of plaintiff, *held* not improper.

14. Where court has ruled on admissibility of evidence, ordinarily question of its admissibility is concluded by ruling, and it is counsel's duty to so accept it, but counsel is not thereby precluded from seeking a reconsideration of the ruling, and aid-

ing court by further suggestions, by leave of court, to enable the court to correct an erroneous ruling, or one confidently believed to be such.

15. Form of question, asked for purposes of impeaching defendant, as to whether his reputation for truth and veracity was above or below par, *held* to place the standard too high, but, in view of answer, that it was "below par," error was harmless.

16. Instruction that "where you can it is always the safest and wisest course to reconcile the testimony of witnesses upon the theory that each one has tried to tell the truth," when considered in connection with whole charge, *held* not to amount to an instruction that each witness is to be presumed to have told the truth as a matter of law.

17. Court may advise jury as to proper method of procedure to harmonize differences of witnesses, so as to enable jury to arrive at true verdict.

ACTION OF CONTRACT. Plea, general denial, and declaration in set-off. Trial by jury at the June Term, 1924, Caledonia County, *Chase*, J., presiding. Verdict and judgment for plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Shields & Conant* for the defendant.

*Searles & Graves* for the plaintiff.

BUTLER, J. The plaintiff seeks to recover the purchase price of a certain steam power automobile, which he claims to have sold to defendant at an agreed price. The defendant, who is engaged in the business of repairing and dealing in automobiles at St. Johnsbury, denied that he purchased the machine, but claimed that he took it for repairs with the understanding that he was to repair and sell it for the plaintiff. This was the principal issue in the case. Verdict and judgment for plaintiff. Defendant excepts.

The defendant was improved as a witness in his own behalf and on direct examination testified, among other things: "Q. At some time were you in business different from what you are now? A. Yes. Q. What was that business? A. Watches and jewelry business. Q. How long were you in that line?

13

A. Fifteen years. Q. Since that time what was your occupation? A. I have been dealing in automobiles. Q. What kind usually? A. Stanley's. Q. How long have you had to do with the Stanley Steamer car? A. Well, twenty years."

During the cross-examination by plaintiff, he was asked: "Q. The jewelry business and watch business and the automobile business hasn't been the extent of your business activities, . has it?" to which he answered: "To a large extent." He was then asked: "You, for quite a large number of years at least, had scattered about the State of Vermont, particularly the northeastern part, Klondyke machines, didn't you?" This was objected to and excluded.

Thereupon plaintiff's counsel stated to the court in the presence of the jury as follows: "I offer to show, although this is cross-examination, it was opened up by them, and I expect the purpose, if the court please, about their asking him about his business affairs was to show that he was a reputable business man. Now, my purpose in asking these questions is to show just the contrary, if the court please, that he, in fact, had stationed all about the State these gambling machines, contrary to law, and that they were seized and destroyed, and that he was arrested at different times for it."

The defendant excepted to the offer on the ground that the question before the court had already been ruled upon and excluded, and to the statement before the jury as being improper and misleading.

[1] As briefed and argued, this and the following exception are treated together but they are not alike and must be considered separately. The grounds of this exception are: (a) To the offer of evidence after the question had already been ruled upon and excluded, and (b) to the statement before the jury as improper and misleading. To be sure, in some circumstances it is reversible error to persist in offering evidence that has been once excluded for the reason that the ruling of the court is the law of the trial (*State* v. *Felch,* 92 Vt. 477, 105 Atl. 23), and orderly procedure and good practice requires it to be so. And an offer in cross-examination is unnecessary to save an exception to the ruling excluding the question when one is taken. *Knapp* v. *Wing,* 72 Vt. 334, 47 Atl. 1075.

[2-4] Nor is it necessary in cross-examination for the plaintiff to disclose the purpose of the question. *Cowles* v. *Cowles'*

*Estate,* 81 Vt. 498, 71 Atl. 191. But it is not necessarily error to do so. This rule does not preclude counsel from urging a reconsideration of the ruling where error, either by mistake or failure to grasp the situation, is apparent or confidently believed to have occurred, or the making of proper explanation when permitted by the court, and properly dealt with. *In re Alonzo Martin's Estate,* 92 Vt. 362, 104 Atl. 100. A fair opportunity should be given the court to enable it to rule correctly (*Capital Garage Co.* v. *Powell,* 98 Vt. 303, 127 Atl. 375), and this is so as well in cross as in direct examination.

[5] It is argued that the statement before the jury was improper and misleading by permitting counsel to offer incompetent, immaterial, and scandalous testimony, knowing it to be such, for the purpose of prejudicing the jury. If such was the character and purpose of the offer, it was error to permit it to stand unrebuked. *Rudd* v. *Rounds,* 64 Vt. 432, 25 Atl. 438; *Niebyski* v. *Welcome,* 93 Vt. 418, 108 Atl. 341.

[6] But this exception raises no such question, for it failed to point out with sufficient particularity the objectionable statement or the grounds then or now relied upon. Cross-examination on the subject of the offer, might, in the discretion of the court, properly have been permitted. The offer was to show that the defendant was not a reputable business man, by showing what his previous occupation had been in order to meet the testimony already adduced by the defendant.

[7, 8] The defendant had tendered the issue and introduced testimony from which it might be argued that he was a reputable business man and had been engaged in reputable business for a long period of years at St. Johnsbury, as bearing upon the weight that the jury might give his testimony. The plaintiff answered by offering to show the contrary by cross-examination of defendant himself. Manifestly thus far the plaintiff had the right to go. That he had been engaged in business other than that he had testified to was a proper matter of inquiry. Questions relating to the previous business and occupation of witness are proper, especially so of a party when in reply to testimony as to previous vocation, first adduced by him. Jones on Ev., §§ 832, 834.

[9-11] The admissions of a party, bearing upon his character and moral standing essential to the estimate of his testimony by the jury, are not improper, and the scope and extent of

the cross-examination are largely matters in the discretion of the trial court. *State* v. *Fournier*, 68 Vt. 262, 35 Atl. 178; *Titus* v. *Gage*, 70 Vt. 13, 39 Atl. 246; *State* v. *Felch*, *supra*. Great latitude is often allowed in cross-examination, especially of a party who testifies in his own behalf, in testing the weight to be given to it. *State* v. *Slack*, 69 Vt. 486, 38 Atl. 311; *Luiz* v. *Falvey*, 228 Mass. 258, 177 N. E. 308; *People* v. *White*, 251 Ill. 67, 95 N. E. 1036.

[12]   Neither the want of good faith, nor the particular part of the offer as made, were pointed out in the exception taken.   Nor were they specifically called to the attention of the court.   The only portion of the offer that can be said to be objectionable, bad faith of the examiner not appearing, is that the gambling machines were seized and destroyed and the defendant arrested at different times, and this very likely would have been properly dealt with by the court had its attention been specifically directed thereto.

No claim of want of good faith was made, so far as the record shows, nor was the reason why it was regarded as improper, and so misleading, pointed out.   In these circumstances, we cannot say that reversible error affirmatively appears. *Hamilton* v. *U. Aja Granite Co.*, 96 Vt. 199, 118 Atl. 878; *Drown* v. *Oderkirk*, 89 Vt. 484, 96 Atl. 11.

[13, 14]   Later in the course of the trial, the plaintiff having testified in substance, that, when the defendant took the car from Granby, the man who was with him asked the defendant how he should get the car into St. Johnsbury without a license on it, without number plates, the car was not registered—if the officer should come out and stop him.   That the defendant, speaking disparagingly of the officer of the law told the man it was up to him to run it down the back way and put it in the garage.   The defendant, testifying, as a witness in his own behalf, in substance, denied what the plaintiff had testified to, but testified that he told the man that he "guessed we would put some plates on the car and take it down."   On cross-examination by the plaintiff, witness was asked: "Q. As a matter of fact, you took some license numbers up with you, didn't you?   A. I guess so.   Q. And you put them on that car?   A. Yes.   Q. And you knew that was against the law didn't you?"   To this last question the defendant objected and it was excluded.   He was then asked: "When did you put those num-

bers on there?'' To this defendant objected and it was excluded, no exception being saved.

Thereupon counsel for plaintiff stated to the court, in presence of the jury: "We say this is very material in two ways. It shows the kind of man he is, that he is regardless of the law and unlawful and being regardless of the law in one respect, has a tendency to show to your Honor, that he is regardless of it in respect to giving his testimony and the honesty with which he testifies, and we also say that it has a material bearing upon how he treated the car, whether as his property or that of Mr. Shores.'' The defendant excepted to this statement of counsel, before the jury, after the court had ruled upon it, and to the drawing of inferences that are impossible to draw with the evidence excluded—making of a stump speech for the purpose of poisoning the jury's mind with regard to the man's reputation.

Thereupon plaintiff's counsel made the following statement: "If the court please, it is my duty as attorney to call to the attention of the court my views as to why I think a certain piece of evidence is admissible. Now the court may think I am wrong, but the court is entitled to my judgment about it. It possibly might assist the court. I do it with that in mind and that only.'' To this statement also the defendant excepted on the ground that the court had already ruled upon that question.

That the exception to the latter statement, on the ground stated, is without merit, from what has already been said, is obvious. Moreover it was but a mere explanation of the previous offer, provoked, perhaps, by the language used in taking exception and amounts to an assertion of good faith.

As to the former, the plaintiff claimed that the automobile had been purchased some time prior to going to Granby, and that defendant brought with him a set of number plates to put on the car, and treated it as his own property. Plaintiff claimed that this was inconsistent with defendant's claim that it was taken to sell for plaintiff, and that the trade was made at Granby, as defendant had testified. It would have been fair to argue that if he brought his own number plates, it was for the purpose of putting them on his own car. Manifestly the ruling as to the question excluded was wrong. In urging a correction of the ruling, which, no doubt, as shown by the transcript, was occasioned by a misunderstanding of the force of the cross-examination, counsel urged its materiality on the two grounds, both

of which tended to meet the defendant's case. While the question was concluded by the ruling, and it ordinarily is the duty of counsel to accept it as such, it does not follow, as has already been said, that, by leave of the court, counsel may not aid the court by further suggestions to enable it to correct an erroneous ruling or one confidently believed to be such. *Rudd* v. *Rounds,* 64 Vt. 432, 441, 25 Atl. 438.

The third exception raised substantially the same question in respect to impeaching testimony that was before this Court, at a previous trial, wherein the Court thought it unnecessary to consider whether its admission in the circumstances required a reversal for the reason that it was not likely to recur on a retrial. *Shores* v. *Simanton,* 96 Vt. 376, 119 Atl. 879.

[15] At this trial the witness, not being present, and his absence from the State being properly accounted for, the plaintiff was permitted to read from the transcript of the previous trial the following question: "Q. You may tell whether the reputation or common talk of the community of the people of this community, with reference to Mr. Simanton's truth and veracity is that, it is, above or below par. A. I should say below." This question seems to have been sufficiently treated in the former opinion. The objection is to the form of the question, and though the standard was placed too high—par being the true standard by which the reputation is to be tested—in view of the answer no harm resulted. *Shores* v. *Simanton,* 96 Vt. 376, 119 Atl. 879.

[16] The defendant contends that the court erred in its charge wherein it instructed the jury that, "where you can, it is always the safest and wisest course to reconcile the testimony of witnesses upon the theory that each one has tried to tell the truth," and it is argued that this amounts to an instruction that each witness is to be presumed to have told the truth as a matter of law. *Mullaney* v. *Goss Co.,* 97 Vt. 82, 122 Atl. 430; *Noyes* v. *Parker,* 64 Vt. 379, 24 Atl. 12. But such is not the fair construction of the language used, especially when considered as it must be, in connection with the whole charge. *Clark* v. *Wilmington Savings Bank,* 89 Vt. 6, 93 Atl. 265. The court went further and told the jury, "you are the sole judges as to the credit to be given of each and every witness who has testified" and further on said "and you alone are to determine the impor-

tance that is, the weight to be given to each bit of evidence."
*Mt. Ida School* v. *Gilman,* 97 Vt. 331, 123 Atl. 198.

[17]   It is not error, however, for the court to advise the
jury as to a proper method of procedure to harmonize differences
of witness so as to enable the jury to arrive at a true verdict, and
the suggestion made, as to witnesses who have been sworn and
testified, was eminently proper.

*Judgment affirmed.*