JOSEPH A. PRAZAK *v.* NICHOLAS BURZEIKO.

February Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 4, 1932.

*Martin S. Vilas, Mary C. Alafat,* and *Hollis C. Porter* for the plaintiff.

*H. A. Bailey* and *A. Pearley Feen* for the defendant.

GRAHAM, J. The action is tort for the alienation of the affections of the plaintiff's wife. The defense, under an answer of general denial, was that the affections of the plaintiff's wife were alienated from him because of his ill-treatment of her, and not through any influence or misconduct of the defendant. The trial was by jury, resulting in a verdict and judgment for the defendant. The plaintiff brings the case here on exceptions.

■ The defendant was called for cross-examination as the first witness of the plaintiff's case. After he had repeatedly denied visiting the plaintiff's home, except when the plaintiff was present, and then only for business reasons, he was asked: "Q. Hasn't Mr. Prazak talked with you a number of times, several times about your going with his wife?" Upon objection, the question was excluded subject to plaintiff's exception. The defendant was then asked: "Q. Has Mr. Prazak ever talked with you and objected to your going with his wife?" This question was objected to "because it assumes something that has not appeared in evidence yet." The court sustained the objection, saying, "It assumes that he has gone with his wife." The plaintiff was allowed an exception. It is unnecessary to consider the propriety of the question, for, in a later cross-examination, the defendant was asked a question identical in substance, which he answered without objection; also, later in the trial the plaintiff was permitted to give in evidence, without objection, the accusing statements made by him to the defendant. Since the plaintiff had the substantial benefit of the excluded testimony, no harmful error is shown.

■ A witness called by the plaintiff, after having testified to statements made by plaintiff's wife tending to show her state of mind towards the defendant, was asked: "Q. Did she say anything further as to her speaking to him, whether he liked any other woman or not?" Upon objection, an offer was made that it tended to show the alienation and its extent, "as showing the state of mind of the wife of the plaintiff toward this defendant." The question was excluded, subject to plaintiff's exception. The offered evidence does not have the effect claimed for it. The purport of the question was to show by declaration of the plaintiff's wife the state of mind of the defendant towards

her, and not her state of mind towards him. For such a purpose, they were mere hearsay and properly excluded.

In redirect examination the plaintiff was asked this question: "Mr. Bailey asked you when you were first arrested after that trouble with your brother-in-law, if you plead guilty to intoxication. Did you know what you plead guilty to?" The question was excluded, and the plaintiff was allowed an exception. The point now made is that it was reversible error to refuse to allow plaintiff to explain his plea of guilty which stood as an admission against him.

■ Our cases definitely hold that a party is entitled to give his reasons for such a plea; that it is always competent to explain admissions, and to show the circumstances and conditions under which they are made and the understanding of the nature of the charge, to throw light on the force which should be given to them. *McKinstry* v. *Collins and Lovell,* 76 Vt. 221, 227, 228, 56 Atl. 985; *Russ* v. *Good,* 90 Vt. 236, 239, 240, 97 Atl. 987; *Russ* v. *Good,* 92 Vt. 202, 205, 102 Atl. 481. And under some circumstances a refusal to allow such explanation will constitute reversible error. See *Bonazzi* v. *Fortney,* 94 Vt. 263, 269, 110 Atl. 439. It follows that, if the excluded question was a correct reference to the introduction of the fact of this conviction into the case, its exclusion was error. Whether the plaintiff was addicted to the excessive use of intoxicating liquor was a contested issue at the trial. The plaintiff and his wife separated in 1930. There was no claim of any interference by defendant until 1927. The conviction occurred in 1925. The subject of plaintiff's arrest in 1925 was introduced by the plaintiff. The judge of the municipal court of Winooski was called as a witness for the plaintiff, and, being questioned by plaintiff's counsel, testified that plaintiff was before that court on four different offenses, twice in 1925 and twice in 1930. The records of these several convictions were introduced by the plaintiff, which show that the first time in 1925 the plaintiff was convicted of intoxication on a plea of guilty; that the second time in 1925 he was convicted on a plea of guilty of breach of the peace, and that the third and fourth times in 1930 he was convicted on plea of guilty of breach of the peace. Only the prosecutions in 1930 were upon complaint of the plaintiff's wife. The plaintiff testified on direct examination that the prosecutions in 1925

were upon complaint of his brother-in-law because of a disturbance in the plaintiff's tenement; that he was charged with two separate offenses. The plaintiff was then asked: "Q. Had you been drinking any that day—at the time he had you arrested? A. We had some few bottles of beer but I never was drunk—that is true. Q. Did you plead guilty in court to whatever they charged you with?" The answer to this last question was, "They make me plead." The answer was struck out as not responsive, and the question remained unanswered.

With the evidence standing thus, the plaintiff on cross-examination was asked: "Q. So the only times you were arrested were the five times you were arrested in Winooski, is that so? A. That is all. Q. The first time you were arrested in Winooski was for intoxication, wasn't it? A. I wasn't drunk. Q. That doesn't answer the question. Yes or no. A. Yes. Q. For intoxication? A. Yes. Q. And you were arrested the second time in Winooski for intoxication, were you not? A. No. Q. Only once for intoxication? A. I was arrested but I don't know what for—I know not drunk. Q. When did you plead guilty to being drunk, in Winooski? A. Just 1925. Q. That was the only time you plead guilty to intoxication in Winooski, wasn't it? A. Yes, sir." The plaintiff was then questioned as to the arrests for breach of the peace resulting in convictions on pleas of guilty.

 It is clear from this record that the plaintiff opened the door for the cross-examination, and he does not stand the same as a party who is first confronted with such an admission on cross-examination. He had several times stated in explanation that he was not drunk at the time of his first arrest in 1925, and, in the absence of an offer, the court, in its discretion, was justified in excluding a repetition of his denial, especially when called for by a question which erroneously stated the purport of the examination by defendant's counsel. He was not asked, *if* he pleaded guilty to intoxication, but *when* it was that he pleaded guilty. The fact had already appeared from evidence introduced by the plaintiff. The record shows that plaintiff's counsel in his closing argument to the jury stated that, "Prazak, in the Winooski court, had to plead guilty," and, after defendant's objection and exception, he continued, "I am arguing from the complaints and warrants, there is no attorney's name written

on there—the jury have a right to conclude that this man, ignorant of courts and the ways of courts, with a prosecuting officer, with a chief of police there, would hardly know which way to turn and of course he would plead guilty under those circumstances.''

We think that the plaintiff got the benefit before the jury of any explanation competent for him to make; in any event, no prejudice has been shown by the exclusion. The exception is not sustained.

The plaintiff's wife was called as a witness by the defendant, and, subject to objection and exception on the ground of immateriality, was asked what became of the money which she earned when employed in the mill, and she answered, ''Sometimes I get the money, sometimes he get the money.'' There was no claim of any trouble over the wife's earnings or the disposition of them. The plaintiff testified that her wages were used toward the support of the family, and that he had no complaint against her in that respect. In these circumstances it is not apparent that the evidence was material upon any issue in the case, but it is not necessary to decide the point, for, if there was error in admitting it, no prejudice has been shown. The tendency of this evidence was rather to benefit than to prejudice the plaintiff; if alienation by wrongful conduct of defendant were established, it would tend strongly to enhance the plaintiff's damages. The plaintiff argues that this evidence had a tendency to bias the jury against the plaintiff because it indicates an involuntary payment, while the plaintiff's evidence indicated a voluntary contribution. The record does not show that any such claim was made for it at the trial, and we do not think that the jury could have so understood it. The construction of the record on review is always against the excepting party. *Higgins* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394. Since prejudice is not affirmatively shown, the error, if any, does not require a reversal. *Higgins* v. *Metzger,* 101 Vt. 285, 295, 143 Atl. 394; *Conn Boston Co.* v. *Griswold,* 104 Vt. 89, 157 Atl. 57, 59.

One of counsel for defendant in his argument to the jury, referring to plaintiff's young son who was a witness called by the plaintiff, said, ''I finally became so disgusted, I said to the mother, 'Take that boy home.' '' An exception was claimed,

but before any ruling by the court, or the allowance of an exception, counsel said, "I withdraw that argument and say that that was improper argument." The trial court apparently understood that the plaintiff was satisfied with the complete and immediate retraction, since he did not ask for instructions or insist upon the allowance of his requested exception. The record fails to show any question reserved; but if it did, the harmful effect of the unwarranted argument was sufficiently cured. *Kilpatrick* v. *Grand Trunk Railway Co.*, 74 Vt. 288, 308, 52 Atl. 531, 93 A. S. R. 887; *Fraser* v. *Blanchard and Crowley*, 83 Vt. 136, 144, 73 Atl. 995.

We have considered all exceptions briefed and find no reversible error.

*Judgment affirmed.*