STATE *v.* JESSE CONLEY.

November Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed January 2, 1935.

74

*P. C. Warner* for the respondent.

*John H. Webster*, State's attorney, for the State.

SLACK, J. The information contains four counts. The first charges, in substance, that at Enosburg, in the county of Franklin, on November 24, 1933, the respondent, with intent to defraud, did designedly, by the use of a false token, namely, an instrument in writing commonly called a check, drawn on the Island Pond National Bank, to the order of Roy Bailey, and purporting to be signed by B. G. Bailey, obtain money and other property from the St. Albans Grain Company, well knowing that said drawer was not then entitled to draw upon the drawee for the amount of said check, etc. The second count is of like tenor and effect, except the offense is alleged to have been committed at Swanton in the county of Franklin, the check therein described is drawn upon the Welden National Bank of St. Albans, Vermont, to the order of George Lawrence, purports to be signed by B. G. Bailey, and the money and property received thereon was obtained from the Hall Hardware Company. The third count is for uttering and publishing a forged instrument (the check first above described), knowing the same to be forged, with intent to injure and defraud the St. Albans Grain Company. The fourth count is for uttering and publishing a forged instrument (the check described in the second count), knowing the same to be forged, with intent to injure and defraud the Hall Hardware Company.

The only defense was an *alibi*. There was a verdict and judgment of guilty. Sentence was imposed, and the respondent is now in execution thereof.

The first question raised is that the corporate existence of the banking institutions mentioned in the information was not shown. This was not necessary since they are not the parties alleged to have been defrauded. *Watson* v. *State*, 82 Tex. Cr. R. 462, 199 S. W. 1098; *Davis* v. *State*, 70 Tex. Cr. R. 253, 156 S. W. 1171. See, too, *Lucas* v. *State*, 39 Tex. Cr. R. 48, 44 S. W. 825; *State* v. *Kiernan*, 17 Nev. 224, 30 Pac. 831; *State* v. *Van Hart*, 17 N. J. Law, 327. There is no logical reason for holding otherwise, since the existence of the corporation is not in issue, but rather the guilt of the respondent in attempting to perpetrate this species of fraud. Moreover, it appeared from

the testimony of the cashier of one of the banks and a pay teller of the other, received without objection, that their respective institutions were banking corporations under the laws of the United States, and although in the hands of conservators at the times material, were carrying trust deposits and paying checks drawn on the same. This was all that was necessary to meet the requirement of proof even though the information had charged that the banks were the parties defrauded. *People* v. *D'Argencour*, 95 N. Y. 624; *People* v. *Davis*, 21 Wend. (N. Y.) 309; *Cady* v. *Com.*, 10 Grat. (51 Va.) 776; *People* v. *Ah Sam*, 41 Cal. 645; *Reed* v. *State of Ohio*, 15 Ohio, 217. To the same effect are *Dennis* v. *People*, 1 Parker Cr. R. (N. Y.) 469, and *People* v. *Chadwick*, 2 Parker Cr. R. (N. Y.) 163, cited by the respondent. The remaining cases cited by him in support of this claim are so unlike the instant case, in point of fact, that they are not authority for his contention.

During the examination of Esther Gauthier the following occurred: "Q. Did you hear Mr. Conley tell Mr. Powell during part of that return trip that he had served a term of imprisonment? Mr. Warner: Object to that, your Honor. Q. At Dannemora, New York? A. Yes, sir. Mr. Warner: Object to that, your Honor. The Court: What's the objection? Mr. Warner: That is not material in this case. The only purpose for which that evidence would be admissible would be to impeach Mr. Conley's testimony. The Court: It may be struck out at this time. Proceed. Mr. Warner: I would like at this time also to take an exception to that because that was put in. I think, very plainly to prejudice the jury. The Court: Well, the jury will pay no attention to any evidence stricken out of the case, which we didn't let in." The respondent claims that here was reversible error. It is doubtful if a question was saved for review. In the first place no objection was made or exception taken to either question until after it had been answered. Since each answer was responsive to the question asked, and it not appearing that an objection could not have been seasonably interposed, the exception was too late to be availing. *State* v. *Fitzgerald*, 72 Vt. 142, 47 Atl. 403; *State* v. *Powers*, 72 Vt. 168, 47 Atl. 830; *State* v. *Gile*, 93 Vt. 142, 106 Atl. 829. But assuming from what followed that the court treated the objections as timely, as soon as it was apprised of respondent's claim it directed the jury to disregard this evi-

dence, to "pay no attention" to it, and thereafter no exception was allowed or claimed. In the circumstances, the court had the right to understand, as the respondent apparently then did, that the incident had been satisfactorily dealt with. *Parzak* v. *Burzeiko,* 104 Vt. 457, 463, 160 Atl. 189. The prompt and decisive action by the court left no ground for complaint, and none was then advanced. It is now urged that when incompetent, immaterial and scandalous evidence is offered for the purpose of prejudicing the jury, it is error to permit it to stand unrebuked. So it is. See *Rudd* v. *Rounds,* 64 Vt. 432, 25 Atl. 438; *Niebyski* v. *Welcome,* 93 Vt. 418, 108 Atl. 341; *Shores* v. *Simanton,* 99 Vt. 191, 130 Atl. 697; *State* v. *Parker,* 104 Vt. 494, 162 Atl. 696. Although this evidence, as the case stood, was incompetent and immaterial, we cannot believe that it was offered for an improper purpose; and while counsel was not rebuked in express terms, we think that the court did all that was necessary, in the circumstances, to rectify any mistake that had been made. The claim is without merit.

In its charge respecting the claimed alibi, the court said: "If an alibi is made out, of course, it shows that the person who was charged was not and could not have been at the place at the time the checks were passed. If the alibi fails, however, it is direct evidence of guilt against the respondent, for no one knows better than the respondent where he was at the time these checks were claimed to have been passed."

To this respondent excepted as follows: "The respondent excepts to the court's charge * * * that if the defendant's alibi fails that it is evidence of guilt," and added later: "On the ground that the fact that the respondent is unable to sustain his alibi by proper witnesses cannot be taken against him."

The only fault with the charge, if any, as applied to the evidence in this case, was in the use of the language "direct" evidence (See *State* v. *Manning,* 74 Vt. 449, 52 Atl. 1033), and this is not raised by the exception. While the general, and more accurate, statement of the rule is, that if it is found that the claimed alibi is false or fictitious, the attempt to establish it is evidence of guilt (*State* v. *Ward,* 61 Vt. 153, 192, 17 Atl. 483; *State* v. *Manning,* 74 Vt. 449, 52 Atl. 1033; *State* v. *Manning,* 75 Vt. 185, 54 Atl. 181), the evidence was such in the case before us that the falsity of the alibi necessarily followed failure to

prove it. Since this was so, the charge is sufficient to meet any questions raised.

*Exceptions overruled.*